Bolton-Worsted Mills Company, Inc., Appellant, *v.* United British Insurance Company, Ltd., Respondent.

Supreme Court, Appellate Term, First Department, March Term — Filed April, 1922.

Insurance — loss of goods in transit — when receipt accepted from local truckman stating value to be $200 does not limit his liability or restrict recovery under insurance policy — subrogation.

A policy of insurance issued to plaintiff by defendant provided *inter alia* against loss of goods by theft or in transit while in the custody of any common carrier

or bailee from the time of leaving the warehouse, store or factory of the shipper until safely delivered to the consignee.   While the policy was in force plaintiff's agent at Philadelphia delivered to a truckman certain goods of plaintiff for carriage to New York and delivery to plaintiff.   Shortly before unloading at New York city the goods were either stolen or lost and were never delivered to or received by plaintiff.   In an action on the policy it appeared that plaintiff had instructed its agent to put a valuation of $200 on all " express " shipments in accordance with the policy of insurance.   *Held*, that a receipt given by the truckman and accepted by plaintiff's agent upon a form filled in and prepared by the shipper's clerk and containing the words " Val. $200 " and the signature of the truckman who at the time simply said that he would cart the goods at a certain figure which was based on its size and not on its value did not limit his liability.

The kind and quality of the goods had a distinctive trade number and plaintiff's manager, a qualified expert in value, testified as to the reasonable market value of the goods at the time of loss.   Bills showing the valuation of the goods on the basis of actual invoice cost plus certain other charges as provided by the policy and alleged in the complaint were furnished to defendant at the time plaintiff filed its claim.   *Held*, that proof had been given as to the value of the goods and an order setting aside a verdict in favor of plaintiff and granting a new trial unless plaintiff stipulated to reduce the recovery to $200 will be reversed and the verdict reinstated.

APPEAL by plaintiff from an order of the City Court of the city of New York, setting aside a verdict of a jury in favor of plaintiff and granting a new trial unless plaintiff stipulated to reduce the amount of recovery to $200 and interest.

*Levy & Becker* (*Joseph Levy*, of counsel), for appellant.

*G. Noyes Slayton*, for respondent.

COHALAN, J.   The action is brought to recover upon an insurance policy which provided, amongst other things, against loss of goods caused by theft or loss while in transit in the custody of any common carrier or bailee from the time of leaving the warehouse, store or factory of the shipper until safely delivered to consignee.

While the policy was still in force plaintiff's agent at Philadelphia delivered to one Hughes, a truckman, eight pieces of oxford gabardine property of the plaintiff for carriage to New York and delivery to plaintiff.   Shortly before unloading at New York city they were either stolen or lost and were never delivered to or received by the plaintiff.

Hughes, the truckman, on receipt of the merchandise gave a receipt therefor in writing upon a form filled in and prepared for his signature by the shipper's clerk.   This form had printed on it the name of the city from which the goods were shipped and nothing else.   The part filled in at the time of shipment was the date, name of shipper and consignee, with the address of latter, number of packages of goods and the words " val. $200 " and signature of truckman.

The main point in issue is whether or not the plaintiff by the act

of its agent at Philadelphia in accepting the receipt from the truckman with " val. $200 " on it loses its right of indemnity under the plaintiff's policy. Did this act prejudice defendant's right of subrogation and violate an express warranty of the policy of insurance to such an extent that plaintiff is not entitled to recover more than $200?

At the time of filling in the receipt and its signing and delivery nothing was said between the parties as to any valuation of the goods or any conditions or terms of shipment, except the truckman said he would cart the goods at a certain figure. This figure was based on the size of the package and not on its value — clearly one of bulk and not value. " Val. $200 " was not mentioned nor was there any agreement as to liability except such as might arise from the use of those words on the paper in question. It appears the agent had been instructed by the plaintiff to put a value of $200 on all " express " shipments in accordance with a provision of the insurance policy. He apparently made no distinction between " truckman " and " express." Clearly if " val. $200 " be not construed as limiting the truckman's liability then the plaintiff is entitled to recover.

The defendant called no witnesses but rested on the plaintiff's case and its motion to dismiss was denied, and both sides moved for direction of a verdict.

The court held that there was no limitation of liability of the truckman and that the defendant's right of subrogation was not impaired, but that there was a question as to the value of the goods. The motion for direction of a verdict was denied. Later upon motion to set aside the verdict in favor of plaintiff the court reserved decision and subsequently granted the motion.

A question was presented on the argument whether or not there was error on the part of the court in admitting evidence as to conversations had at the time of the giving of the paper in question. Receipts as such, and the paper given here is in form of receipt, are open to explanation. Had there been some express clause or limitation of liability, such as in the many cases referred to in respondent's brief, the question would be different. Here there was no express clause unless we hold that " val. $200 " constitutes such and I do not think it does. This expression standing alone as it did on this paper calls for explanation or at least is subject to it, and the explanation given is opposed to the views taken of it by the respondent.

After careful consideration I believe the receipt given by Hughes to the plaintiff's agent did not limit the liability of Hughes, and so the plaintiff was entitled to recover.

A further question was presented: Was the value of the goods proven? I think it was. The kind and quality of the goods had a distinctive trade number, 530/2. The plaintiff's manager, familiar for many years with the quality of the defendant's goods, testifies that this number referred to a particular grade of quality and that given the number, quantity and yardage he was able to state what the reasonable market value was at the date of the loss. He had previously qualified as an expert in values. There was no testimony in opposition. On this point it would seem the policy provides for the loss on the basis of actual invoice costs, plus certain other charges. The complaint alleges this and the bills showing the valuation on that basis were furnished to defendant at the time plaintiff filed its claim and they were put in evidence.

Order reversed, with costs, and verdict reinstated.

WAGNER, J., concurs; GUY, J., dissents.

Order reversed.